IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EILEEN AND AARON PARDYS, W/H | : | |
| | : | CIVIL ACTION NO. |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| ITALIAN PEOPLES BAKERY, INC. | : | |
| | : | |
| and | : | |
| | : | |
| ROBERT C. JULIANO | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendants.* | : | |

CIVIL ACTION COMPLAINT

## I.   PRELIMINARY STATEMENT

1.    This is a claim against the Defendants, Italian Peoples Bakery, Inc. and Robert C. Juliano, for personal injuries caused to Plaintiff, Eileen Pardys, by the negligent acts and/or omissions of Defendants and their respective agents, servants, employees, workmen and/or representatives.    In addition, Plaintiff's husband, Aaron Pardys, asserts a claim for loss of consortium against Defendants.

## II.   PARTIES

2.    Plaintiffs, Eileen and Aaron Pardys, W/H, are adult individuals and Citizens of the Commonwealth of Pennsylvania, residing therein at 142 Joanne Road, Southampton, PA 18966.

3.    Defendant, Italian Peoples Bakery, Inc., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of New Jersey, with corporate headquarters and a principal place of business located therein at 63 Butler Street, Trenton, NJ 08611.

4.    Defendant, Robert C. Juliano, is an adult individual and Citizen of the State of New Jersey, residing therein at 1205 A. Route 73, Mt. Laurel, NJ 08054.

5.    At all times relevant hereto, the Defendants acted by and through their respective trustees, directors, agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of Defendants.

## III.    JURISDICTION AND VENUE

6.    Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

7.    The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to Plaintiff's claim occurred in this district.

## IV.    STATEMENT OF CLAIMS

9.    At all times material herein, the Defendants, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment, agency and/or service with the Defendant, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the premises located at 1108 Woodbourne Road, Levittown, PA 19057.

10.    On or about June 13, 2013, and for a long time prior thereto, it was the duty of the Defendants, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the premises located at 1108

Woodbourne Road, Levittown, PA 19057 in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Eileen Pardys.

## COUNT I
### EILEEN PARDYS v. ITALIAN PEOPLES BAKERY, INC.
### NEGLIGENCE – PREMISES LIABILITY

11.     Plaintiff hereby incorporates by reference paragraphs one (1) through ten (10) of the within Complaint as though the same were fully set forth at length herein.

12.     On or about June 13, 2013, Plaintiff, Eileen Pardys, was exiting the passenger side of a vehicle on Defendant's aforesaid premises located at 1108 Woodbourne Road, Levittown, PA 19057 when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition upon said premises, Plaintiff tripped over a high, uneven curb, thereby causing her to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth below.

13.     The incident described in the preceding paragraphs of the within Complaint was caused solely by the negligence and carelessness of the Defendant, Italian Peoples Bakery, Inc., by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of employment for the same, generally and in the following particular respects:

> (a)     carelessly and negligently allowing the aforesaid curb on the premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff;
>
> (b)     carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;
>
> (c)     carelessly and negligently failing to recognize the defect which caused the curb to be unreasonably high and uneven and to timely remedy same;

(d)   carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

(e)   failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(f)   failing to adequately and timely repair defects to the aforesaid premises;

(g)   failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

(h)   failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition;

(i)   otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel;

(j)   negligence by virtue of the doctrine of *respondeat superior*; and

(k)   negligence by virtue of the doctrine of *res ipsa loquitor*.

14.   Plaintiff, Eileen Pardys, in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

15.   As a result of the aforesaid negligence of the Defendant, Plaintiff, Eileen Pardys, suffered severe injuries, including, but not limited to, right tibia and fibula fracture requiring surgical repair through open reduction internal fixation, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

16.   As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

17.    As a further result of the aforesaid accident, Plaintiff, Eileen Pardys, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

18.    Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

19.    As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

20.    As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

21.    As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

**WHEREFORE**, Plaintiff, Eileen Pardys, demands judgment in her favor and against Defendant, Italian Peoples Bakery, Inc., in an amount in excess of $150,000.00 together with costs of suit, interest and reasonably attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT II**
**EILEEN PARDYS v. ROBERT C. JULIANO**
**NEGLIGENCE – PREMISES LIABILITY**

22.    Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-one (21) of the within Complaint as though the same were fully set forth at length herein.

23.     On or about June 13, 2013, Plaintiff, Eileen Pardys, was exiting the passenger side of a vehicle on Defendant's aforesaid premises located at 1108 Woodbourne Road, Levittown, PA 19057 when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition upon said premises, Plaintiff tripped over a high, uneven curb, thereby causing her to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth below.

24.     The incident described in the preceding paragraphs of the within Complaint was caused solely by the negligence and carelessness of the Defendant, Robert C. Juliano by and through his agents, servants, workmen, employees and/or other representatives acting within the course and scope of employment for the same, generally and in the following particular respects:

(l)     carelessly and negligently allowing the aforesaid curb on the premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff;

(m)     carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

(n)     carelessly and negligently failing to recognize the defect which caused the curb to be unreasonably high and uneven and to timely remedy same;

(o)     carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

(p)     failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(q)     failing to adequately and timely repair defects to the aforesaid premises;

(r)     failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

(s)     failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition;

(t)     otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel;

(u)     negligence by virtue of the doctrine of *respondeat superior*; and

(v)     negligence by virtue of the doctrine of *res ipsa loquitor*.

25.     Plaintiff, Eileen Pardys, in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

26.     As a result of the aforesaid negligence of the Defendant, Plaintiff, Eileen Pardys, suffered severe injuries, including, but not limited to, right tibia and fibula fracture requiring surgical repair through open reduction internal fixation, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

27.     As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

28.     As a further result of the aforesaid accident, Plaintiff, Eileen Pardys, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

29.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

30.     As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily

function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

31.    As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

32.    As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

**WHEREFORE**, Plaintiff, Eileen Pardys, demands judgment in her favor and against Defendant, Robert C. Juliano, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonably attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT III**
**AARON PARDYS v. ALL DEFENDANTS**
**LOSS OF CONSORTIUM**

33.    Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-two (32) of the within Complaint as though the same were fully set forth at length herein.

34.    As a further result of the incident described herein, Plaintiff, Aaron Pardys, has suffered the loss of earnings, society, consortium and services of his wife, Plaintiff Eileen Pardys, to which he is legally entitled.

35.    As a further result of the incident described herein, Plaintiff, Aaron Pardys, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which his wife has suffered by reason of the Defendants' negligence, and he may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

**WHEREFORE**, Plaintiff, Aaron Pardys, demands judgment in his favor and against Defendants, Italian Peoples Bakery, Inc. and Robert C. Juliano, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonably attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

### JURY DEMAND

Plaintiffs hereby demand a jury trial of all claims and issues.

Respectfully,

**SWARTZ CULLETON PC**

By: _____

Brandon A. Swartz, Esquire
Joseph P. Guzzardo, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiffs,
Eileen and Aaron Pardys, W/H

Date:  April 9, 2014